UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.               )<br>)<br>ERNEST JOHNSON,            )<br>a/k/a "Yo Pesci,"          )<br>a/k/a "Mr. Live, Mr. Drive," )<br>            Defendant.    ) | Criminal No. 22-CR-10103-LTS |

**PRELIMINARY ORDER OF FORFEITURE**

**SOROKIN, D.J.**

WHEREAS, on May 11, 2022, the United States Attorney for the District of Massachusetts filed a one-count Information charging defendant Ernest Johnson (the "Defendant"), with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count One);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited included, but is not limited to, the following:

   (a)   A Taurus PT145 handgun, .45 caliber handgun, bearing serial number NVA31376; and

   (b)   Six rounds of .45 caliber ammunition;

(collectively, the "Firearm and Ammunition");

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located

upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on May 19, 2022, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement that he signed on May 4, 2022;

WHEREAS, in Section 6 of the plea agreement, the Defendant admitted that the Firearm and Ammunition are subject to forfeiture because they were involved in or used in any knowing commission of the offense as charged in Count One of the Information;

WHEREAS, light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Firearm and Ammunition and the offense to which the Defendant pled guilty, and accordingly, the Firearm and Ammunition are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c);

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Firearm and Ammunition.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.  The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal

Procedure, that the United States has established the requisite nexus between the Firearm and Ammunition and the offense to which the Defendant pled guilty.

2.      The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.      Accordingly, all of Defendant's interests in the Firearm and Ammunition are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c).

4.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Firearm and Ammunition and maintain them in its secure custody and control.

5.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Firearm and Ammunition.

6.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Firearm and Ammunition to be forfeited.

7.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant asserting a legal interest in the Firearm and Ammunition, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court

in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Firearm and Ammunition; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Firearm and Ammunition, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Firearm and Ammunition, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Firearm and Ammunition.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C §2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Leo T. Sorokin
**LEO T. SOROKIN**
United States District Judge

Dated: 12/14/2022